UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HABRAHAM MENJIVAR CASTILLO,<br><br>Plaintiff,<br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES et al.,<br><br>Defendants. | CASE NO. 2:26-cv-03202-LK<br><br>ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff Habraham Menjivar Castillo's Motion for Temporary Restraining Order. Dkt. No. 7. For the reasons set forth below, the Court denies the motion.

## I. BACKGROUND

Castillo, an 18-year-old high school student, filed his complaint in this matter on September 8, 2026, alleging that Defendants U.S. Citizenship and Immigration Services ("USCIS") and the Department of Homeland Security ("DHS") have wrongfully withheld portions of his Alien File ("A-file") from him. Dkt. No. 1 at 1. Castillo received "special immigrant juvenile status from

Defendants on June 10, 2025, and awaits the availability of a visa." *Id.* at 4. He has also applied for asylum, contending that he fears returning to his home country of El Salvador. *Id.* Castillo is currently in removal proceedings "prosecuted by Defendant DHS in immigration court," *id.*, and he contends that he needs his complete A-file to prepare for his upcoming September 18, 2026 immigration court hearing, *id.* at 1–2.

On April 7, 2026, Castillo, through counsel, submitted a Freedom of Information Act ("FOIA") request to Defendants "for the entire contents of his A-File." *Id.* at 4. On April 27, 2026, Defendants "stated that they identified 717 pages of responsive records." *Id.* They "released 430 pages in their entirety," "redacted portions of 73 pages," "withheld 182 pages in full," and "referred another 32 pages to the U.S. Department of State." *Id.* According to Castillo, Defendants wrongfully redacted information, including (1) portions of his asylum interview notes "documenting the questions he was asked and the answers he gave regarding his well-founded fear of returning to El Salvador," and (2) information based on a privacy-related exemption even though he was requesting his *own* A-file. *Id.* at 5. Castillo also avers that Defendants produced some pages that were entirely blank and "only mere cursory designations of the exemption(s) claimed[.]" *Id.*

Castillo filed an administrative appeal on June 17, 2026 "with the USCIS FOIA/PA Appeals Office, challenging Defendants' wrongful withholdings and redactions," and USCIS estimated a completion date of April 13, 2027. *Id.* at 6. According to Castillo, because USCIS had 20 business days to respond to the appeal but failed to do so, he has constructively exhausted his administrative remedies. *Id.* (citing 5 U.S.C. §552(a)(6)(C)(i)).

Castillo had a master calendar hearing in January 2026, and his merits hearing was scheduled for June 22, 2029. *Id.* at 4. On May 8, 2026, Castillo's counsel received a notification from the Executive Office for Immigration Review ("EOIR"), which is "the agency within the

U.S. Department of Justice that is responsible for the adjudication of immigration cases," stating that Castillo's case had been reassigned and that "his individual calendar hearing was now scheduled for September 18, 2026[.]" Dkt. No. 8 at 3 & n.1. His counsel filed a motion in immigration court to continue his hearing to "May 2027 or later to allow him time to obtain his A-File from USCIS." *Id.* at 4. DHS did not oppose the motion, but the immigration court denied it. *Id.* Castillo filed a motion for reconsideration that DHS did not oppose, but the immigration court denied that motion as well on August 24, 2026. *Id.*

Castillo filed his complaint in this Court on September 8, 2026, alleging three claims under FOIA: improper withholding of records, failure to produce reasonably segregable information, and failure to make a timely determination on administrative appeal. Dkt. No. 1 at 6–7. On the same day, he filed a motion for a TRO. Dkt. No. 2. The Court denied the motion for a TRO without prejudice because Castillo had not complied with Federal Rule of Civil Procedure 65 regarding notice to Defendants. Dkt. No. 5. Castillo subsequently provided notice and refiled his motion for a TRO. Dkt. No. 7. The Government opposes the motion. Dkt. No. 19.

## II. DISCUSSION

In his TRO, Castillo "requests the Court's urgent intervention to prevent Defendant DHS from seeking his removal in immigration court" while USCIS "improperly withholds from [Castillo] agency records that he needs to adequately prepare for the hearing, in blatant violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq." Dkt. No. 7 at 5. Specifically, he asks the Court to enjoin DHS "from prosecuting [his] removal in immigration court until the FOIA issues asserted in this lawsuit are resolved." *Id.* at 17.

### A. Jurisdiction

The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B) because Castillo resides in this district, Dkt. No. 1 at 3, brings claims under

FOIA, 5 U.S.C. § 552 *et seq.* and requests, among things, that the Court order Defendants to produce responsive records, *id.* at 6–8.

**B. Legal Standard**

Federal Rule of Civil Procedure 65 empowers the court to issue a TRO. Fed. R. Civ. P. 65(b). Like a preliminary injunction, a TRO is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (the standards applicable to TROs and preliminary injunctions are "substantially identical"). The Court will not "mechanically" grant an injunction for every violation of law. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982). Instead, plaintiffs seeking a TRO must establish that (1) they are "likely to succeed on the merits," (2) they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." *Winter*, 555 U.S. at 20. The mere "possibility" of irreparable harm is insufficient; instead, the moving party must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id.* at 22. "The third and fourth factors, harm to the opposing party and the public interest, merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418 (2009).

The Ninth Circuit employs a "sliding scale" approach, under which the four elements are balanced "so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). For example, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a [TRO], so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135 (citation modified).

**C. The Court Denies the Request for a Temporary Restraining Order**

Castillo argues that the Court has authority to grant his requested TRO and that all four of

the *Winter* factors weigh in his favor. Dkt. No. 7 at 10–16. Defendants respond that the Court lacks jurisdiction to issue the requested injunction. Dkt. No. 19 at 6. They note that "the date of [Castillo's] upcoming immigration proceeding is set by EOIR in the Department of Justice, not Defendants DHS or USCIS." *Id.* at 6–7. "Neither EOIR nor the Department of Justice is a defendant in this action, and Plaintiff does not specify a mechanism by which Defendants can unilaterally compel the immigration court to reschedule his hearing, even if the Court orders Defendants to do so." *Id.* at 7. In his reply brief, Casillo states that he "is not asking the Court to enjoin any agency proceedings." Dkt. No. 21 at 2. Rather, he is "asking for a [TRO] preventing *Defendant DHS* from taking action." *Id.* To that end, he specifies for the first time in his reply brief that the Court should order DHS to "pause its further action and pursuit of Plaintiff's removal by dismissing the immigration proceedings without prejudice and refiling once the FOIA litigation has concluded." *Id*.

As an initial matter, the Court addresses only the relief Casillo requested in his motion—to enjoin DHS from prosecuting his removal—not the new relief he asks for in his reply brief to compel DHS to dismiss his removal proceedings. *Compare* Dkt. No. 7 at 5, *with* Dkt. No. 21 at 2. It is improper to request new relief in a reply because doing so "deprives the opposing party of the ability to respond." *S/Y Paliador, LLC v. Platypus Marine, Inc.*, 344 F.R.D. 110, 120 (W.D. Wash. 2023); *see also Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1188 (9th Cir. 2024) ("A district court does not abuse its discretion in considering new arguments or evidence if the opposing party had an opportunity to respond.").[1] Castillo has sought emergency relief, and there is insufficient time to obtain and consider further briefing on the new request for relief.

[1] Castillo's new request to require DHS to dismiss his removal proceedings is also a request for a mandatory injunction. Mandatory injunctions "alter[] the status quo by requiring a party to take action and thus place[] a higher burden on the plaintiff to show the facts and law clearly favor the moving party." *Youth 71Five Ministries v. Williams*, 160 F.4th 964, 978 (9th Cir. 2025) (citation modified).

Accordingly, the Court does not consider further Castillo's request to compel DHS to dismiss his removal proceedings.

As for his request to enjoin DHS from prosecuting his removal proceedings, Castillo argues that the Court "is explicitly authorized to enjoin USCIS under FOIA." Dkt. No. 21 at 2. However, the statutory section he cites provides courts with "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(A)(4)(B). It does not address jurisdiction to enjoin removal proceedings.

Castillo also cites cases in which courts addressed whether to compel agencies to produce records under FOIA, but the courts in these cases did not enjoin the prosecution of removal proceedings as Castillo requests here. Dkt. No. 21 at 2–3; Dkt. No. 7 at 13–15; *see also Martins v. United States Citizenship & Immigr. Servs.*, 962 F. Supp. 2d 1106, 1130 (N.D. Cal. 2013) (requiring the production of a *Vaughan* index and a meet and confer); *Castillo Gomez v. U.S. Citizenship & Immigr. Servs.*, No. 26-cv-06134-NW, 2026 WL 1773909, at *10 (N.D. Cal. June 21, 2026) (granting motion for a TRO and requiring the production of an entire A-file); *Nightingale v. U.S. Citizenship & Immigr. Servs.*, 507 F. Supp. 3d 1193, 1196 (N.D. Cal. 2020) (permanently enjoining USCIS "from further failing to adhere to FOIA statutory deadlines for adjudicating A-File FOIA requests"). Castillo cites *Doe v. Noem*, 778 F. Supp. 3d 1151 (W.D. Wash. 2025), for the proposition that courts in this district have issued TROs prohibiting DHS "and its component agencies from initiating, or otherwise taking action pursuant to, removal proceedings in immigration court while the underlying litigation challenging immigration-related actions is being resolved." Dkt. No. 7 at 10. But *Doe* arose under the Administrative Procedure Act ("APA"),[2] not

[2] The APA provides that "[o]n such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court, including the court to which a case may be taken on appeal from or on application for certiorari or other writ to a reviewing court, may issue all necessary and appropriate process to postpone the effective

FOIA, and it reviewed an agency action—the termination of a student's record in the Student and Exchange Visitor Information System ("SEVIS") maintained by U.S. Immigration and Customs Enforcement. *Doe*, 778 F. Supp. 3d at 1156. That court did not enjoin ongoing removal proceedings; it required defendants to restore the plaintiff's status in SEVIS and relatedly, prohibited them "from initiating removal proceedings against or deporting Plaintiff on the basis of the April 7, 2025 termination of his F-1 student record or I-20 in SEVIS." *Id.* at 1168; *see also Chen v. Noem*, No. 1:25-CV-00733-TWP-MG, 2025 WL 1163653, at *13 (S.D. Ind. Apr. 21, 2025) (similar). These cases thus do not help Castillo.

Castillo also argues that "[t]he Court's enforcement powers go beyond compelling production of agency records and extend to other forms of equitable relief." Dkt. No. 21 at 3. He cites *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1 (1974), and *City & County of Honolulu v. U.S. E.P.A.*, No. CIV. 08-00404 SOM, 2009 WL 855896 (D. Haw. Mar. 27, 2009), in support of this argument. Dkt. No. 21 at 3. In *Bannercraft*, the Supreme Court noted that "[w]ith the express vesting of equitable jurisdiction in the district court by [Section] 552(a), there is little to suggest, despite [FOIA's] primary purpose, that Congress sought to limit the inherent powers of an equity court." *Bannercraft*, 415 U.S. at 20. However, unlike the relief sought in *Bannercraft* and *City and County of Honolulu*, Castillo states that he "is *not* asking the Court to enjoin any agency proceedings." Dkt. No. 21 at 2 (emphasis added). Moreover, in both *Bannercraft* and *City and County of Honolulu*, the plaintiff sought to enjoin a proceeding that was before the same government agency that was handling the FOIA request. *Bannercraft Clothing Co.*, 415 U.S. at 3; *City & Cnty. of Honolulu*, 2009 WL 855896, at *1. Here, as Defendants point out, Castillo's immigration proceedings are before the EOIR, and that agency is not a party to this action. Dkt.

date of an agency action or to preserve status or rights pending conclusion of the review proceedings." 5 U.S.C. § 705.

No. 19 at 7. The Court lacks jurisdiction to issue an injunction against parties that are not before the Court, including EOIR. *See, e.g.*, *Sifuentes v. Nautilus, Inc.*, No. C21-5613JLR, 2022 WL 1316476, at *3 (W.D. Wash. May 3, 2022) (finding that the court "lacks jurisdiction" to issue injunctions against nonparties); *see also Zepeda v. U.S. Immigr. & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *Bell v. Mejia*, 362 F. App'x 626, 627 (9th Cir. 2010) (stating that it is within a district court's discretion to deny a motion for a temporary restraining order against defendants not named in the complaint); Fed. R. Civ. P. 65(d)(2) (listing the parties bound by an injunction, including "the parties' officers, agents, servants, employees, and attorneys," as well as "other persons who are in active concert or participation with [them]"); *but see Calvette Chirinos v. Noem*, No. 25-CV-1863, 2026 WL 483316, at *4 (E.D. Wis. Feb. 20, 2026) (holding that "Defendants, who initiated the removal action against Calvette Chirinos in this case, should be able to comply with the terms of a TRO and prevent further adjudication of Calvette Chirinos' removal hearing at this time").

The Court's lack of authority over non-Defendant EOIR also means that Castillo has not shown that the TRO he seeks is "tailored to remedy the specific harm alleged" as required. *Flathead-Lolo-Bitterroot Citizen Task Force*, 98 F.4th at 1195. That is, he argues that he will suffer irreparable injury if he is "forced to prepare for his immigration hearing without access to his entire A-File, placing his due process rights in jeopardy." Dkt. No. 7 at 13. However, he has not shown that the relief he seeks—enjoining DHS from prosecuting his removal—will alleviate that harm because the requested TRO (even if granted) would not compel the production of his A-file or enjoin EOIR from proceeding with the hearing as scheduled. *See* Dkt. No. 7-1 at 1 (proposed order). Even if the Court enjoined DHS from prosecuting the matter, it appears that the hearing

could still proceed. According to EOIR's policy manual, "[a]ny delay in the appearance of either [DHS] or the practitioner of record without satisfactory notice and explanation to the immigration court may, in the discretion of the Immigration Judge, result in the hearing being held in the representative's absence." EOIR Policy Manual, Chapter 3.7—Attendance, https://www.justice.gov/eoir/policy-manual-eoir/part-II/icpm/chapter-3-7 (last visited September 13, 2026).[3] Or the immigration judge may adjourn the hearing. *Id.*, Chapter 3.15(j)–Adjournment. Accordingly, Castillo has not shown that the TRO he seeks will redress the harm he alleges.

## III. CONCLUSION

For the reasons explained above, the Court DENIES Castillo's motion for a temporary restraining order. Dkt. No. 7.

Dated this 14th day of September, 2026.

Lauren King
United States District Judge

[3] The Court can take judicial notice of information on a government website. *See, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010).